IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL KEVIN MCGOWN,            )<br>     ID # 2060448,                              )<br>          Petitioner,                          )<br>vs.                                                     )<br>                                                         )<br>LORIE DAVIS, Director,                )<br>Texas Department of Criminal    )<br>Justice, Correctional Institutions Division, )<br>          Respondents.                      ) | No. 3:16-CV-2471-L (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Paul Kevin McGown (Petitioner) challenges the denial of time credit toward his sentence. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.    Procedural History**

On December 31, 1992, Petitioner was convicted of burglary of a vehicle and sentenced to 35 years' imprisonment in Cause No. F92-04927 in the 195th Judicial District Court of Dallas County, Texas. (Doc. 16-3 at 68.)[1] The judgment was affirmed on appeal. *See McGowan[2] v. State*, No. 05-93-02011-CR (Tex. App. – Dallas Dec. 16, 1994, no pet.). He was released on parole on July 22, 1999. (*See* docs. 17-2 at 3.) He was arrested on a pre-revocation warrant on December 16,

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Petitioner's last name is alternatively spelled "McGown," "McGowan," and "McGowen" in the state records.

2010, and his parole was revoked on July 2, 2012. (*See* doc. 17-1 at 3, 4.) He was not given credit toward his sentence for the time he was on parole, *i.e.*, street-time credit. (*See id*. at 4.)

He submitted a time dispute resolution form to TDCJ on May 22, 2014, and his request for additional sentence credit was denied on July 15, 2014. (*See id*.) He submitted a second time dispute resolution form on August 13, 2015, that was denied on that same date. (*See id*.)

His state habeas application challenging the sentence time credit was signed on September 18, 2015, and received by the state court on September 23, 2015. (Doc. 16-13 at 5, 21.) It was denied without written order on August 3, 2016. (Doc. 16-9); *see Ex parte McGown*, WR-83,785-02 (Tex. Crim. App. Aug. 3, 2016).

**B.**     **Substantive Claims**

Petitioner's federal petition raises the following grounds regarding the denial of credit, or forfeiture of credit, for time on parole:

(1)     TDCJ's modification of his sentence violated his right to due process;

(2)     TDCJ deprived him of procedural due process;

(3)     TDCJ's reliance on a statute to deny his time credit was an ex post facto violation.

(*See* doc. 3 at 6-7.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 17.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act

2

substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.  **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known when his parole was revoked on July 2, 2012.[3] *See Alvarez v. Stephens*, No. 3:13-CV-5003-D, 2014 WL 4814466 at *2 (N.D. Tex. Sept. 29, 2014) (the date of parole revocation was the factual predicate date for street-time credit claim under § 2244(d)(1)(D)). He had until July 2, 2013, to file his federal habeas petition, absent any tolling of the statute of limitations.

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

---

[3] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added).  A time dispute resolution request tolls the limitations period.  *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010).  Here, Petitioner filed his first time dispute resolution form on May 22, 2014, and filed his state habeas application on September 18, 2015, after the limitations period had already expired, so he is not entitled to statutory tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).  Petitioner filed his § 2254 petition on August 22, 2016, the date that it was mailed.[4]  It is therefore untimely.

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 9th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                  IRMA CARRILLO RAMIREZ
                                                               UNITED STATES MAGISTRATE JUDGE